**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 22-4492**

───────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

MARVIN MINOR, a/k/a Marvin Miner,

        Defendant - Appellant.

───────────

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  Martin K. Reidinger, Chief District Judge.  (1:22-cr-00028-MR-1)

───────────

Submitted:  July 21, 2023                                     Decided:  August 9, 2023

───────────

Before WYNN and RICHARDSON, Circuit Judges, and KEENAN, Senior Circuit Judge.

───────────

Affirmed by unpublished per curiam opinion.

───────────

**ON BRIEF:** Eric J. Foster, Asheville, North Carolina, for Appellant.  Dena J. King, United States Attorney, Charlotte, North Carolina, Amy E. Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marvin Minor was convicted, following a bench trial before a magistrate judge, of failing to obey a lawful order, in violation of 36 C.F.R. § 2.32(a)(2), and fighting with an officer, in violation of 36 C.F.R. § 2.34(a)(1).[*] Minor's charges arose from a traffic stop and subsequent altercation with a park ranger in Great Smoky Mountains National Park. On appeal, Minor contends that the magistrate judge erred by admitting evidence of the encounter because the ranger allegedly exceeded his constitutional authority during the stop. In response, the Government contends that Minor waived this challenge by failing to file a pretrial motion to suppress the evidence. We affirm.

As an initial matter, the Government has moved to dismiss the appeal based on Minor's failure to preserve his evidentiary challenge. However, the Government cites no authority for its position that, if Minor's evidentiary challenge is waived, then the entire appeal must be dismissed. Furthermore, nothing in the record suggests that Minor somehow waived his appellate rights. We therefore deny the Government's motion to dismiss.

Turning to the waiver issue, pursuant to Federal Rule of Criminal Procedure 12(b)(3)(C), "[a] defendant must generally raise a motion to suppress before trial." *United States v. Ojedokun*, 16 F.4th 1091, 1113 (4th Cir. 2021). Consistent with this rule, we have held that the failure to make a pretrial motion to suppress precludes a defendant from

---

[*] Minor was also convicted of possessing an open container of alcohol in a motor vehicle, in violation of 36 C.F.R. § 4.14(b); he does not challenge this conviction on appeal.

raising on appeal a constitutional challenge to the admission of that evidence. *See United States v. Moore*, 769 F.3d 264, 267 (4th Cir. 2014); *see also* Fed. R. Crim. P. 12(c)(3) (permitting court to consider untimely motion only for "good cause" shown). "If the defendant is unable to show good cause, the untimely motion to suppress is waived." *Ojedokun*, 16 F.4th at 1113.

Except for the unpersuasive observation that "criminal practice is more informal" for petty offenses, Minor does not explain his failure to file a timely motion to suppress. Instead, he "urges [us] not to be distracted" by the Government's "procedural arguments" and asserts that the importance of the issue he seeks to raise on appeal provides the good cause necessary to consider his untimely argument. But the gravity of the alleged error does not bear on the good cause inquiry; rather, the question is whether Minor's failure to preserve his argument is excusable. *See, e.g.*, *United States v. Chavez*, 902 F.2d 259, 263-64 (4th Cir. 1990) (finding good cause where untimely suppression motion "was due not to negligence, oversight, or laziness but rather to" government's failure to timely produce evidence sought to be suppressed). And as the Government emphasizes, "[t]he rule that motions to suppress are waived unless raised before trial or delayed for good cause" plays an important role in the administration of criminal cases and "is not just some procedural tripwire set to ensnare unwary defendants." *Moore*, 769 F.3d at 267. Because Minor has failed to demonstrate the requisite good cause, we will not consider his evidentiary challenge for the first time on appeal.

Accordingly, we affirm Minor's criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*